### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**THE TRAVELERS INDEMNITY COMPANY**                                      **PLAINTIFF**

**V.**                                      **CASE NO. 4:12CV41**

**GARY CHENEVERT**                                      **DEFENDANT**

### ORDER

Defendant Gary Chenevert has filed a motion to dismiss the instant lawsuit, or, alternatively, to add his former employer GC Constructors as a party to it. Plaintiff Travelers Indemnity Company ("Travelers") has responded in opposition to the motion. The court, having considered the memoranda and submissions of the parties, concludes that the motion to dismiss should be dismissed without prejudice to re-filing once issues in a related lawsuit are resolved.

This is, *inter alia*, a subrogation action in which plaintiff seeks the recoupment of insurance benefits which, it contends, were mistakenly paid to defendant. This case is closely related to a personal injury action presently pending before Judge Davidson in this district. *Chenevert v. GC Constructors,* 4:10cv113 (N.D. Miss.) ("the PI lawsuit"). Chenevert filed the PI lawsuit against his former employer GC Constructors (which is insured by Travelers) after suffering injuries while working on the deck of a barge. Based upon its understanding that Chenevert was claiming longshoreman's benefits, Travelers began paying Chenevert medical and other benefits which totaled $277,728.72. Travelers stopped paying these benefits once Chenevert filed his complaint in the PI lawsuit, alleging he had been working as a "seaman" rather than a longshoreman.

The parties subsequently reached an agreement to settle the PI lawsuit, but shortly after they did so, Travelers filed a motion to intervene. It seems clear that, in seeking to intervene in the PI lawsuit pending before Judge Davidson, Travelers wants the same thing that it wants in this case: the return of the $277,728.72 in longshoreman's benefits which, it contends, were mistakenly paid to Chenevert. By filing this lawsuit, Travelers is evidently seeking to hedge its bets in the event that it is denied permission to intervene in the PI lawsuit. At this juncture, it appears that Travelers' may, in fact, be denied permission to intervene in that case, since Magistrate Judge Sanders has issued an R&R so recommending.

Judge Davidson has not ruled upon Travelers' objections to that R&R, however, and, until he does so, this court deems it unwise to consider any motion to dismiss this lawsuit. Chenevert filed his motion to dismiss the day before Judge Sanders issued his R&R, and it appears that this motion has been superseded by events. Indeed, after reading Judge Sanders' R&R, it seems clear that Travelers' substantive right to recoup the monies which it paid to Chenevert is being heavily considered in deciding the intervention issues. This court will wish to review any findings made by Judge Sanders and Judge Davidson in this regard prior to considering the proper disposition of this case.

In his July 2012 R&R recommending denial of Travelers' motion to intervene, Judge Sanders concluded that it likely had no legal right to recoup the benefits which it mistakenly paid to Chenevert. Judge Sanders based this conclusion partly on the fact that federal longshoreman's law provides only limited rights for the recoupment of benefits which have been mistakenly paid to injured workers. Specifically, Judge Sanders wrote that:

> The purpose behind the LHWCA is to provide to injured employees in desperate circumstances the funds they need immediately. These funds typically are used

>for medical treatment, housing, and the myriad other basic needs of an employee suddenly unable to work. Congress and the courts have adhered to this purpose and as a matter of policy have found that even when such funds are wrongfully paid, the employee will not be ordered to pay restitution. This is so because in virtually every instance, the injured employee would have expended the funds on the fundamental needs described *supra*. *See Kirk v. Allegheny Towing, Inc.*, 620 F. Supp. 458, 463 (D.C. Pa. 1985)

Slip. op. at 5. Judge Sanders noted that, in the Fifth Circuit, a "compromise" of sorts has been adopted whereby an employer is allowed a credit for mistakenly-paid benefits against any future salaries it may owe to the injured employee. *See, e.g., Phillips v. Marine Concrete Structures, Inc.*, 877 F.2d 1231, 1234 (5th Cir. 1989), *vacated*, 877 F.2d at 1237, *rev'd on other grounds*, 895 F.2d 1033 (5th Cir. 1990) (en banc). However, he noted that, in this case, the plaintiff is no longer employed by GC Contractors and there would accordingly be no future salaries owed by the employer which might serve as a basis for recoupment.

Judge Sanders also concluded that Travelers would likely be unable to recoup the mistakenly-paid benefits in this case because it was improperly seeking subrogation against its own insured, i.e. the employer. He cited 16 *Couch on Insurance 2d* § 61:133 at 313 (1983) for the proposition that:

>'[n]o right of subrogation can arise in favor of the insurer against its insured, since by definition subrogation arises only with respect to rights of the insured against third persons to whom the insurer owes no duty."

Judge Sanders concluded that it was "nonsense" to suggest that "an employer has a lien on a portion of the funds *the employer itself* agreed to pay in settlement" and he rejected Travelers' argument to the contrary (which, he found, was based on distinguishable authority). He accordingly concluded that Travelers would likely have no substantive right to recover the $277,728.72 in mistakenly-paid benefits in this case, and he based his recommendation that the

3


motion to intervene be denied largely on that basis.

It thus appears that Judge Sanders has made substantive findings of fact and law in the PI lawsuit, which, if adopted by Judge Davidson, may well prove to be dispositive of the issues in this case. Indeed, even if these findings are not strictly binding on this court as a matter of issue preclusion, it will nevertheless be strongly inclined to follow them. At this juncture, however, the court concludes that the proper course of action is simply to dismiss defendant's motion to dismiss without prejudice so that the parties may litigate the intervention issues in the PI lawsuit without interference from this court. After Judge Davidson has ruled upon those issues, the parties may resume their litigation of any remaining issues in this case, if they so choose. For the time being, however, it would clearly be unwise to have two district courts actively litigating the same issues, and this court will accordingly decline to address defendant's challenges to the instant lawsuit at this time.

It is therefore ordered that defendant's motion to dismiss is dismissed without prejudice.

So ordered, this the 17th day of December, 2012.

/s/ Michael P. Mills
CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI